IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02532–RM–KMT

STATE OF COLORADO,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
CHEVRON CORPORATION,
INDUSTRIAL MINERA MEXICO, S.A. de C.V.,
MEXICANA DE COBRE, S.A. de C.V.,
FREEPORT-MCMORAN CORPORATION,
BP AMERICA INC.,
COTTER CORPORATION (N.S.L.),
ELF AQUITAINE, INC.,
TERRA INDUSTRIES INC.,
EXXON MOBIL CORPORATION, and
TABLE MOUNTAIN RESEARCH CENTER, f/k/a COLORADO SCHOOL OF MINES
RESEARCH INSTITUTE,

    Defendants.

**ORDER**

    This matter is before the court on the "Joint Unopposed Motion to Stay Deadlines and Vacated Scheduling Conference." (Doc. No. 37, filed Dec. 17, 2013.) For the following reasons, the Motion is GRANTED.

    Plaintiff State of Colorado (Colorado) filed its Complaint on September 16, 2013. (Doc. No. 1.) Colorado asserts claims under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9607, against Defendants, including the

United States of America, to recover costs incurred in investigating and cleaning up environmental contamination caused by Defendants at a former mining and metallurgical research center located in Golden Colorado that operated between 1912 and 1987.  On November 15, 2013, after all Defendants were served and subsequently appeared, the parties filed a Joint Unopposed Motion for Entry of Consent Decree.  (Doc. No. 30.)  If approved, the proposed Consent Decree will "resolve all claims alleged by Colorado in the Complaint." (*Id.* at 2.)  In their present Motion, the parties seek a stay of all currently pending deadlines—including the deadlines for Defendants to answer or otherwise respond, to exchange initial disclosures under Fed. R. Civ. P. 26(a)(1), and to submit a proposed Scheduling Order—and to vacate the Scheduling Conference set for January 6, 2013.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished).  Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).  Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) (citing *Kansas City S. Ry. Co. v. United*

*States*, 282 U.S. 760, 763 (1931)). An order staying proceedings is thus an appropriate exercise of this court's discretion. *Id.*

"[A] court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). Courts have also recognized that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). *See also Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2.

All parties to this action agree that a stay of proceedings is warranted. Indeed, it appears that the sole reason Colorado filed this case was to obtain judicial approval of the proposed Consent Decree. Thus, resolution of the Joint Motion for Entry of Consent Decree will likely dispose of this entire action. *Nankivil*, 216 F.R.D. at 692. Thus, Plaintiff does not have any real interest in proceeding with this action and, in fact, the parties may actually be prejudiced if forced to proceed with this action prior to a ruling on the Joint Motion for Entry of Consent Decree. Proceeding with discovery and other proceedings in this case would also pose a waste of

judicial resources if this case is ultimately dismissed after a ruling on the Joint Motion for Entry of Consent Decree. *See also Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.") (citation and internal quotation marks omitted). Finally, the interests of non-parties and the public interest do not prompt the court to reach a different result.

Accordingly, having considered and balanced the appropriate factors, the court finds that a stay is warranted in this case. Therefore, it is

ORDERED that the "Joint Unopposed Motion to Stay Deadlines and Vacated Scheduling Conference" (Doc. No. 37) is GRANTED. This case is STAYED pending ruling on the Joint Unopposed Motion for Entry of Consent Decree (Doc. No. 30). The Scheduling Conference set for January 6, 2014 and all pending deadlines are VACATED. No later than 14 days after ruling on the Joint Motion for Entry of Consent Decree, if any portion of this case remains pending, the parties shall file a Joint Status Report advising the court as to the need for further proceedings, including whether the Scheduling Conference should be reset.

Dated this 20th day of December, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge