**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:13-cv-02532-RM-KMT

STATE OF COLORADO,

    Plaintiff,

v.

UNITED STATES OF AMERICA;
TABLE MOUNTAIN RESEARCH CENTER,
 f/k/a COLORADO SCHOOL OF MINES RESEARCH INSTITUTE;
CHEVRON CORPORATION;
INDUSTRIAL MINERA MEXICO, S.A. de C.V.;
MEXICANA DE COBRE, S.A. de C.V.;
FREEPORT-MCMORAN CORPORATION;
BP AMERICA INC.;
COTTER CORPORATION (N.S.L.);
ELF AQUITAINE, INC.;
TERRA INDUSTRIES INC.;
and
EXXON MOBIL CORPORATION,

    Defendants.

---

### ORDER GRANTING JOINT UNOPPOSED MOTION FOR ENTRY OF CONSENT DECREE

---

This matter comes before the Court on the Joint Unopposed Motion for Entry of the Parties' Consent Decree (ECF No. 30).  Plaintiff State of Colorado ("Plaintiff") commenced this action pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, on September 16, 2013, seeking to recover from Defendants its claimed response costs incurred in connection with the investigation and cleanup of the Colorado School of Mines Research Institute Site located in Golden, Colorado (the "Site").

**I. Background**

The Court has reviewed the Complaint, the Consent Decree signed by all Parties that was filed simultaneously with the Complaint, and the parties' Joint Unopposed Motion for Entry of Consent Decree. That Motion incorporates a comprehensive summary of the complex factual background to this action, the issues involved, the terms of the Consent Decree and the legal standards applicable to the Court's consideration of the Consent Decree. Plaintiff has filed waivers of service executed by all Defendants except the United States of America ("United States") and proof of service as to the United States.

Plaintiff State of Colorado filed this action against Defendants United States, Table Mountain Research Center, Chevron Corporation, Industrial Minera Mexico, S.A.de C.V., Mexicana de Cobre, S.A. de C.V., Freeport-McMoRan Corporation, BP America, Inc., Cotter Corporation (N.S.L.), Elf Aquitaine, Inc., Terra Industries, Inc., and Exxon Mobil Corporation, seeking to recover costs Plaintiff has incurred and will incur in the future in the investigation and cleanup of the Site. The Site is located along Clear Creek, adjacent to the campus of the Colorado School of Mines, a state-sponsored engineering and research university. Over the course of approximately 75 years, the Site was used for research activities regarding such things as mineralogy, mining, refining and smelting techniques, metallurgy, coal and radionuclides. These activities led to contamination of the soils at the Site and groundwater under the Site with radionuclides and metals.

The alleged liability of Defendants under CERCLA is based on their asserted status as owners, operators, and/or persons who arranged for disposal or treatment of hazardous substances at the Site. The proposed consent decree (the "Decree") was filed contemporaneously with the Complaint on September 16, 2013.

In general, the Decree provides that Plaintiff will perform all response actions regarding the Site, that Defendants will pay a portion of the CERCLA response costs incurred by Plaintiff between June 1, 1997 and January 31, 2012 in connection with the Site, and that Defendants and Plaintiff will share the costs of completing the ongoing work at the Site.  Some Defendants will "cash out," meaning they will pay a premium over each such Defendant's negotiated share of past and anticipated response costs, and will therefore not be subject to paying an additional share of future response costs.  All Defendants except Chevron Corporation and the United States have elected to exercise this option.

## II. Legal Standard

"A consent decree is primarily a means by which parties settle their disputes without having to bear the financial and other costs of litigating." *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 528-529 (1986).  A consent decree that is entered in federal court "must be directed to protecting federal interests." *Frew v. Haskins*, 540 U.S. 431, 437 (2004).  In *Firefighters*, the Supreme Court said that a federal consent decree must: (1) spring from and serve to resolve a dispute within the court's subject matter jurisdiction; (2) come within the general scope of the case based on the pleadings; and (3) further the objectives of the law on which the claim is based.  478 U.S. at 525.

A district court may either approve or deny the issuance of a consent decree; however, it is "not entitled to change the terms of the agreement stipulated to by the parties." *United States v. State of Colo.*, 937 F.2d 505, 509 (10th Cir. 1991).  If deficiencies are found, it is proper for the district court to advise the parties of its concerns and allow them to submit a revised decree. *See id*.

Because a consent decree bears the imprimatur of judicial approval, a district court "must ensure that he agreement is not illegal, a product of collusion, or against the public interest." *Id*. A district court must also determine that the decree is "fair, adequate, and reasonable before it is approved." *Id*., *see also United States v. Telluride Co*., 849 F.Supp. 1400, 1402 (D. Colo. 1994) (stating that the relevant standard is whether the proposed decree "is fair, reasonable and equitable and does not violate law or public policy.").

Fairness contains both procedural and substantive components. *United States v. Cannons Eng'g Corp*., 899 F.2d 79, 86 (1st Cir. 1990). "To measure procedural fairness, a court should ordinarily look to the negotiation process and attempt to gauge its candor, openness, and bargaining balance." *Id*. A substantively fair consent decree incorporates "concepts of corrective justice and accountability: a party should bear the cost of harm for which it is legally responsible." *Id*. at 87. Substantive fairness overlaps with the requirement that the decree be equitable. *See Colo. v. City & Ctny. Of Den*., No. 10-cv-1303, 2010 WL 4318835, at *4 (D. Colo. Oct. 22, 2010); *WildEarth Guardians v. Jackson*, Nos. 11-cv-00001, 11-cv-00743, 2011 WL 4485964, at *4 (D. Colo. Sept. 27, 2011).

In determining whether the Proposed Consent Decree is reasonable, the Court must consider such factors as whether the decree is in the public interest and upholds the objectives of CERCLA, whether the decree is technically adequate to accomplish the goal of cleaning the environment, and whether it reflects the relative strength or weaknesses of the settling party's position. *See United States v. Kerr-McGee Corp*., No. 07-cv-010134, 2008 WL 863975, at *5 (D. Colo. Mar. 26, 2008); *WildEarth Guardians*, 2011 WL 4485964, at *4. "Overlaid on this evaluation is the most important factor: whether the consent decree is in the public interest and upholds the objectives of CERCLA's resource damage provisions, chief among which is the

'restoration or replacement of natural resources damaged by unlawful releases of hazardous substances.'" *Colo.*, 2010 WL 4318835, at *4 (*quoting New Mexico v. General Elec. Co.*, 467 F.3d 1223, 1245 (10th Cir. 2006)).

In conducting its analysis, a district court must keep in mind the strong policy favoring the voluntary settlement of disputes. *Id.* Judicial deference to settlements is particularly strong where the consent decree has been negotiated by the EPA, "which enjoys substantial expertise in the environmental field." *Id.* Thus, although "a district may not simply rubber stamp a consent decree, it 'must defer heavily to the parties' agreement and the EPA's expertise.'" *Id.* (quoting *United States v. Charles George Trucking*, 34 F.3d 1081, 1085 (1st Cir. 1994).

### III. Analysis and Conclusions

The Decree was negotiated by experienced counsel on both sides, and the parties retained the services of a CERCLA mediator. Plaintiff gave public notice of the Decree and solicited comments; no comments were received. The Decree encompasses a thorough agreement regarding current and anticipated costs of a full clean-up of the Site, and the Court deems it to be in service of the public interest.

Based on its review and the above considerations, the Court finds and concludes as follows:

1. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C § 1331 and 42 U.S.C. §§ 9607 and 9613(b).

2. This Court has personal jurisdiction over all Defendants. All Defendants have been served with or waived service of the summons and complaint. All Defendants have appeared before the Court.

3. The Decree submitted by the Parties is fair, reasonable and adequate, and serves the purposes of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601, *et seq*. Specifically, the Parties' Joint Unopposed Motion demonstrates that:

   a. The Consent Decree was fairly and honestly negotiated;

   b. The value to the Plaintiff of immediate recovery through this settlement and to the Defendants of immediate resolution of Plaintiff's claims outweighs the possibility of future, different relief that might be obtained after protracted litigation; and

   c. The settlement is fair and reasonable.

The Court grants the Parties' Joint Unopposed Motion for Entry of Consent Decree and has this date entered the Consent Decree as lodged with the Court.

### IV. Order

For the reasons set forth above, the Court finds the Proposed Consent Decree fair, reasonable, consistent with the purpose of CERCLA, and in the public interest. Accordingly, the Court ORDERS as follows:

1. United States' Unopposed Motion to Enter Consent Decree (ECF No. 30) is GRANTED;

2. The Proposed Consent Decree is APPROVED;

3. The Clerk of the Court is directed to close this case.

DATED this 30th day of December, 2013.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge